[Civ. No. 2456.   First Appellate District.—September 26, 1918.]

## J. A. WALDTEUFEL, Appellant, v. C. H. JONES, Respondent.

BROKER—ACTION FOR COMMISSION—PROCURING AGREEMENT FOR LEASE—
FINDING.—In this action to recover a broker's commission, the find-
ing negativing the plaintiff's allegation that the defendant employed
the plaintiff "to acquire for and on behalf of said defendant an
option to purchase said property and to lease the same," is sus-
tained by the record.

APPEAL from a judgment of the Superior Court of
Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

W. D. L. Held, for Appellant.

Robert Duncan, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action to recover
broker's commissions for obtaining interests in certain real
estate.   The defendant had judgment in the trial court,
the plaintiff has appealed, and has brought up the record under
section 953a of the Code of Civil Procedure.   In his complaint
the plaintiff alleged that the defendant employed him "to
acquire for and on behalf of said defendant, an option to pur-
chase said property and to lease the same."   The trial court
made a negative finding on the above allegation.   The appel-
lant claims such finding is not supported by the evidence.

The allegation is not clear, but the plaintiff tried the case
on the theory that the allegation of his complaint was to the
effect that he was employed to obtain an agreement for a lease
containing an option to purchase.   Taking plaintiff's theory
as to the meaning of his pleading, we think the finding com-
plained of is sustained by the record.   It is an admitted fact
that at San Francisco, in the absence of the plaintiff, the de-
fendant leased from J. A. Ridemeyer the property known as
Vichy Springs; that the lease commenced June 1, 1914, and
was to expire March 1, 1917; the rental was fixed at two thou-
sand five hundred dollars per year, payable June 1, 1914,

March 1, 1915, and March 1, 1916; the property leased was described (partly by government subdivisions and partly by metes and bounds) as "containing in the neighborhood of nine hundred acres," also the equipment of the hotel, consisting of kitchen range, kitchen and dining-room and bedroom furniture, and linen; the lease contained an option to purchase for the sum of fifty-five thousand dollars the above-mentioned real and personal property, or to purchase for seventy thousand dollars that property and adjacent lands, one thousand four hundred acres in all. The plaintiff did not produce any evidence that he ever obtained an agreement for a contract containing such terms. The lessor, J. A. Ridemeyer, testified positively that he never gave to the plaintiff any agreement for any lease. The record shows a conflict in the evidence on the quoted finding, if not a failure of proof. The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.